SCHOTT, Justice Ad Hoc.*
Defendant was convicted by a jury of theft of a motorbike worth over five hundred dollars in violation of LSA-R.S. 14:67 and sentenced to ten years imprisonment. In this appeal he assigns error in the admission into evidence of the statement made by his alleged conspirator to the sheriff after they had been arrested. The issues are 1) whether the statement was admissible as an exception to the hearsay rule under R.S. 15:455 and 2) if not so admissible whether the statement’s use constituted only harmless error considering that the person who made the statement was called by defendant as his witness and was thereby afforded rights of confrontation and cross examination.
*1304 On November 20, 1979, Timothy Klien-peter reported to the police that his motorbike was stolen from his carport on New Erwin Drive. He had purchased it new for $1800 just a few weeks previous to the theft. On December 27 the police, acting on a tip, found parts of the dismantled bike buried behind the levee near Stoney (or Tony) Ourso’s house and about a quarter of a mile from Klienpeter’s. Further investigation led them to question defendant who consented to their conducting a search of his home. They found the battery from Klienpeter’s bike and charged defendant and Ourso with the theft. Now in custody, defendant made the following statement to the police:
“In the month of December myself and Tony Ourso was walking down New Erwin Drive and we passed a house with a motorbike under the carport and Tony said, ‘I want that bike’ and I said, ‘That’s your business’ and I went sit on top of the levee. So Tony then came and rolled the bike up the levee and then went down the levee and then brought the bike behind the levee. So three or four days later, Tony came to my house and we started talking about my bike and asked me what was wrong with my bike and I told him I needed a battery for it. And Tony said that he had a battery at his house. So he went get it for me.”
After the state presented evidence as to the foregoing, it called to the stand a detective who, over defendant’s objection, read a statement he took from Ourso after his arrest and detention in jail. This statement was as follows:
“I stole a motorbike from New Erwin Drive. I pushed it away from the house. Steve Boudreaux was with me. I brought it to back of the levee. We hid it and burned it.”
The statement was clearly inadmissible as hearsay under R.S. 15:434 and did not qualify as an exception under R.S. 15:455 since it was made after Ourso was arrested and the supposed conspiracy was at an end. State v. Dupree, 377 So.2d 328 (La.1979).
After introducing Ourso’s statement the State rested and defendant called Ourso as his witness. He again confessed to stealing the bike. He also admitted that he made the statement to the police but repudiated his implication of defendant in the statement saying that he was “mixed up” and that he “messed up” in that respect.
The state contends that any error involved in the introduction into evidence of Ourso’s statement to the police was rendered harmless when defendant placed him on the stand because defendant thereby gained an opportunity to confront and examine Ourso. The state relies on Nelson v. O’Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971) in support of this position.
In that case the court held that the defendant’s Sixth and Fourteenth Amendment rights were not violated by the introduction of his codefendant’s statement where the codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating defendant and proceeds to testify favorably to the defendant. The court distinguishes its previous ruling in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) on the point that the codefendant did not take the stand so that defendant had no opportunity to confront the witness. In the Nelson case the court observed:
“The constitution as construed in Bruton, in other words, is violated only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for ‘full and effective’ cross examination.”
While there may be no conceptual distinction between the codefendant who decides to testify as in Nelson and the witness who can be compelled by defendant to testify since, in both cases, defendants had the same opportunity for full and effective cross-examination so that their federal constitutional rights are protected in either case, the principle is inapplicable to the instant case. The question here is not whether defendant’s federal constitutional rights were violated by the introduction of Ourso’s statement. That statement was clearly inadmissible as hearsay under R.S. *1305 15:434 and could only be admitted if it fell within the exception provided by R.S. 15:455. Since it did not the statement was erroneously admitted into evidence and Nelson v. Jones cannot be construed to reduce that error to the status of harmless error.
Finally, the state contends that the introduction of Ourso’s statement was harmless error at worst because there was sufficient evidence otherwise to support the conviction. However, we are convinced that the other evidence was not sufficient so that the Ourso statement cannot be regarded as merely cumulative as in State v. Ford, 336 So.2d 817 (La.1976). The introduction of the statement constituted a substantial violation of defendant’s R.S. 15:434 statutory right warranting a reversal under C.Cr.P. Art. 921.
Accordingly, the conviction and sentence are reversed and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL
GULOTTA, J. ad hoc, concurs.

 Judges James C. Gulotta, John C. Boutall and Patrick M. Schott of the Courts of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack Crozier Watson.